**COUNT SIXTY-THREE:**   Title 18, United States Code, Sections 1956(h) and 1957 - Conspiracy to Launder Money

21.  The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 21.

22.  From at least 1995, the exact beginning date being unknown to the Grand Jury, and continuing thereafter through at least May, 2002, in the District of Massachusetts and elsewhere,

ALBERT INNARELLI,
MICHAEL BERGDOLL,
ANTHONY MATOS,
PASQUALE ROMEO,
WILFRED CHANGASIE,
THEODORE JARRETT,
MARK MCCARTHY,
JAMES SMITH,
JONATHAN FREDERICK, and
JOSEPH SULLIVAN,

defendants herein, did unlawfully and knowingly combine, conspire, confederate, and agree with each other and other persons both known and unknown to the Grand Jury to commit an offense against the United States, that is, to knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the withdrawal of funds, such property having been derived from a specified unlawful activity, which was wire fraud, a violation of Title 18, United States Code, Section 1343, by check from the IOLTA account of defendant Innarelli.

**The Object of the Conspiracy**

The object of the conspiracy was:

23. to facilitate the wire fraud scheme by paying the costs of the various third parties involved in the real estate transactions and distributing the net profits of the wire fraud scheme to the defendants and co-conspirators for outstanding obligations and investment in future real estate transactions.

**Overt Acts in Furtherance of the Conspiracy**

24. As a part of and in furtherance of the above-described conspiracy and to accomplish the objects and purposes thereof, defendants herein and their co-conspirators did commit and cause to be committed overt acts, including, but not limited to, the following:

| Act | Date | Defendant | Overt Act in Furtherance |
|---|---|---|---|
| 1 | 03/26/99 | BERGDOLL JARRETT FREDERICK INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $55,200.00 into INNARELLI's IOLTA account for the sale of 70 Cuff Avenue, Springfield, MA |
| 2 | 04/08/99 | JARRETT MCCARTHY FREDERICK INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $63,750.00 into INNARELLI's IOLTA account for the sale of 886-886 ½ Dwight Street, Holyoke, MA |

19

| 3 | 04/30/99 | BERGDOLL CHANGASIE JARRETT MCCARTHY FREDERICK INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $52,000.00 into INNARELLI's IOLTA account for the sale of 83 Dawes Street, Springfield, MA |
|---|---|---|---|
| 4 | 05/10/99 | BERGDOLL JARRETT FREDERICK INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $62,050.00 into INNARELLI's IOLTA account for the sale of 84 Buckingham Avenue, Springfield, MA |
| 5 | 05/18/99 | BERGDOLL CHANGASIE JARRETT MCCARTHY FREDERICK INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $46,900.00 into INNARELLI's IOLTA account for the sale of 30-32 Lebanon Street, Springfield, MA |
| 6 | 05/25/99 | BERGDOLL ROMEO JARRETT MCCARTHY INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $56,950.00 into INNARELLI's IOLTA account for the sale of 142 Cedar Street, Springfield, MA |
| 7 | 05/28/99 | ROMEO MCCARTHY INNARELLI | fraudulently caused Option One Mortgage to wire approximately $80,000.00 into INNARELLI's IOLTA account for the sale of 102-104 Cedar Street, Springfield, MA |
| 8 | 06/08/99 | BERGDOLL ROMEO JARRETT MCCARTHY FREDERICK INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $64,000.00 into INNARELLI's IOLTA account for the sale of 103 Central Street, Springfield, MA |

| 9 | 06/08/99 | BERGDOLL CHANGASIE JARRETT MCCARTHY FREDERICK INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $63,750.00 into INNARELLI's IOLTA account for the sale of 139 Berkshire Avenue, Springfield, MA |
| --- | --- | --- | --- |
| 10 | 07/19/99 | BERGDOLL ROMEO JARRETT MCCARTHY FREDERICK INNARELLI | fraudulently caused Equicredit to wire approximately $59,620.00 into INNARELLI's IOLTA account for the sale of 81 Barber Street, Springfield, MA |
| 11 | 08/19/99 | BERGDOLL MATOS JARRETT SMITH FREDERICK INNARELLI | fraudulently caused Equicredit Corporation to wire approximately $73,970.00 into INNARELLI's IOLTA account for the sale of 38-40 Clarendon Street, Springfield, MA |

25. The United States re-alleges and incorporates by reference Counts One through Sixty-Two as additional overt acts as a part of and in furtherance of the above-described conspiracy.

All in violation of Title 18, United States Code, Section 1956(h), and Title 18, United States Code, Section 1957.

21

**Money Laundering Forfeiture Allegation - 18 U.S.C. § 982(a)(1)**

1. Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of the offense set forth in Count 63 (Conspiracy to Launder Money, in violation of §§1956(h) and 1957) shall forfeit to the United States the following property:

    a. All right, title, and interest in any and all property involved in the offense for which the defendant is convicted, and all property traceable to such property, including the following:

        1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of charged statutes;

        2) all commissions, fees and other property constituting proceeds obtained as a result of those violations, including, but not limited to:

            (a) Hampden Bank Cashier's Check No. 1005, dated September 23, 2002, in the amount of $10,000.00; and,

        3) all property used in any manner or part to commit or to facilitate the commission of those violations.

    b. A sum of money equal to the total amount of money involved in the conspiracy to commit violations of Section 1957 in violation of 18 U.S.C. §1956(h), for each defendant convicted of the offense. If more than one defendant is convicted of the offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2. Pursuant to Title 21, United States Code, Section

22

853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

**First Wire Fraud Forfeiture Allegation - 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461**

1.  Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, each defendant who is convicted of one or more of the offenses set forth in Counts 56-62 (wire fraud) shall forfeit to the United States the following property:

    any property, real or personal, represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of said violations, including, but not limited to, the following:

    a.  A sum of money equal to approximately $682,721.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts 56-62 (wire fraud), for which the defendants are jointly and severally liable.

2.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461, each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461, and Rule 32.2(a), Federal Rules of Criminal Procedure.

**Second Wire Fraud Forfeiture Allegation - 18 U.S.C. §982(a)(2)**

1. Pursuant to Title 18, United States Code, Section 982(a)(2), each defendant who is convicted of one or more of the offenses set forth in Counts 1-62 (wire fraud), affecting a financial institution, shall forfeit to the United States the following property:

> any property, constituting or derived from, proceeds such person obtained directly or indirectly, as the result of such violation, including, but not limited to, the following:
>
> > a. A sum of money equal to approximately $4,721,909.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts 1-62 (wire fraud), for which the defendants are jointly and severally liable.

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section

982(a)(2) and Rule 32.2(a), Federal Rules of Criminal Procedure.

## Notice of Additional Factors

1. The Grand Jury further charges that Counts One through Sixty-Three involved a loss greater than $7,000,000.00, but less than $20,000,000.00 under §2B1.1 and §1B1.3 (Relevant Conduct). Therefore, U.S.S.G. Sections 2B1.1(a) and (b) and 1B1.3 apply to Counts One through Sixty-Three.

2. The Grand Jury further charges that Counts One through Sixty-Three involved more than 50 victims. Therefore, U.S.S.G. Sections 2B1.1(b)(2) and 1B1.3 apply to Counts One through Sixty-Three.

3. The Grand Jury further charges that the defendants derived more than $1,000,000.00 in gross receipts from a financial institution. Therefore, U.S.S.G. Sections 2B1.1(b)(12) and 1B1.3 apply to Counts One through Sixty-Three.

4. The Grand Jury further charges that defendants ALBERT INNARELLI, THEODORE JARRETT, MARK MCCARTHY, JAMES SMITH, JONATHAN FREDERICK, and JOSEPH SULLIVAN abused a position of trust in a manner that significantly facilitated the commission or concealment of the offenses charged in Counts One through Sixty-Three. Accordingly, U.S.S.G. Section 3B1.3 applies to Counts One through Sixty-Three.

5. The Grand Jury further charges that defendants MICHAEL BERGDOLL, ANTHONY MATOS, PASQUALE ROMEO, WILFRED CHANGASIE, and MARK MCCARTHY had an aggravating role in Counts One through

Sixty-Three. Therefore, U.S.S.G. Section 3B1.1 applies to Counts One through Sixty-Three.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS: _____Sept. 2_____, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK OF THE COURT
1:05 Pm

30