UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 04-30046-MAP |
| | ) | |
| vs. | ) | |
| | ) | |
| ALBERT INNARELLI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## PARTIES' JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this joint memorandum pursuant to Local Rule 116.5(A) and the Magistrate Judge's Scheduling Order.

1.  The parties agree that relief should be granted from the otherwise applicable timing requirements imposed by Local Rule 116.3. This case has been designated a complex case. In addition, the Government and defense counsel have been working out logistics regarding discovery.

2.  The Government has produced a complete set of tapes and/or CDs to all of the defendants.

3.  At this time, the defendants have not completed their review of all of the automatic discovery. Counsel for defendant Matos has not viewed the loan files and designated what documents

that he wants copied. Several defense counsel have viewed the discovery, have designated what documents they want copied, and are awaiting receipt of those documents from the copy center. Counsel for defendant Changasie is currently awaiting for approval of court funds to copy approximately thirty-three loan files. The Government believes that the discovery requests of all of the remaining defendants have been satisfied.

 4. The parties agree that a motion date should not be set under FRCP 12(c) at this time. Until discovery has been copied and reviewed, the parties are not in a position to set any motion dates. The parties anticipate filing motions. The parties agree that the court should set dates for discovery letters and/or discovery motions.

 5. Excludable delay should be ordered under 18 U.S.C. § 3161(h)(8)(A) and Local Rule 112.2(A)(1), (2), and (3) from the date of the last status conference, which occurred on February 15, 2005, to the present. As of February 15, 2005, no time had run on the Speedy Trial Clock.

As previously indicated, this case has been designated a complex case. All parties have been attempting to complete the discovery process. Therefore, the court should order that no time has run on the Speedy Trial Clock from the date of the last status conference through April 14, 2005.

2

6. The parties believe at this point that a trial should be anticipated. At this time, the Government would estimate a trial of two months.

7. A third Interim Status Conference should be set for mid-June, 2005.

Filed this 13th day of April, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

*/s/ William M. Welch II*

WILLIAM M. WELCH II
Assistant United States Attorney

For defendant Albert Innarelli

_____
MOIRA L. BUCKLEY, ESQ.
Counsel for defendant Innarelli

For defendant Michael Bergdoll

_____
STEVEN LEARY, ESQ.
Counsel for defendant Bergdoll

For defendant Anthony Matos:

_____
VINCENT BONGIORNI, ESQ.
Counsel for defendant Matos

3

For defendant Pasquale Romeo

---

MICHAEL JENNINGS, ESQ.
Counsel for defendant Romeo

For defendant Wilfred Changasie

---

TERRY NAGEL, ESQ.
Counsel for defendant Changasie

For defendant Theodore Jarrett

---

MARIA DURANT, ESQ.
Counsel for defendant Jarrett

For defendant Mark McCarthy

---

ROBERT SANTANIELLO, ESQ.
Counsel for defendant McCarthy

For defendant James Smith

---

JACK ST. CLAIR, ESQ.
Counsel for defendant Smith

For defendant Jonathan Frederick

---

MARK ALBANO, ESQ.
Counsel for defendant Frederick

For defendant Joseph Sullivan


_____
DANIEL KELLY, ESQ.
Counsel for defendant Sullivan

<u>CERTIFICATE OF SERVICE</u>

Hampden, ss.                                Springfield, Massachusetts
                                            April 13, 2005

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by faxing said motion to:

| | |
|---|---|
| Moira L. Buckley, Esq.<br>Shipman & Goodwin<br>One Constitutional Plaza<br>Hartford, CT  06103-1919 | Steven W. Leary, Esq.<br>95 State Street<br>Springfield, MA  01103 |
| Vincent A. Bongiorni, Esq.<br>95 State Street<br>Springfield, MA  01103 | Michael O. Jennings, Esq.<br>73 Chestnut Street<br>Springfield, MA  01105 |
| Terry S. Nagel, Esq.<br>95 State Street<br>Springfield, MA  01103 | Maria Durant, Esq.<br>Dwyer & Collora<br>600 Atlantic Avenue<br>Boston, MA  02210 |
| Robert Santaniello, Jr., Esq.<br>Santaniello & Santaniello<br>83 State Street<br>Springfield, MA  01103 | Jack St. Clair, Esq.<br>73 Chestnut Street<br>Springfield, MA  01103 |
| Mark J. Albano, Esq.<br>Dalsey, Ferrara & Albano<br>73 State Street<br>Springfield, MA 01103 | Daniel D. Kelly, Esq.<br>Robinson, Donovan, Madden &<br>   Barry<br>1500 Main Street<br>P.O. Box 15609<br>Springfield, MA  01103 |

For defendant Joseph Sullivan

_____
DANIEL KELLY, ESQ.
Counsel for defendant Sullivan

For defendant Pasquale Romeo

_____
MICHAEL JENNINGS, ESQ.
Counsel for defendant Romeo

For defendant Wilfred Changasie

_____
TERRY NAGEL, ESQ.
Counsel for defendant Changasie

For defendant Theodore Jarrett

_____
MARIA DURANT, ESQ.
Counsel for defendant Jarrett

For defendant Mark McCarthy

_____
ROBERT SANTANIELLO, ESQ.
Counsel for defendant McCarthy

For defendant James Smith

_____
JACK ST. CLAIR, ESQ.
Counsel for defendant Smith

For defendant Jonathan Frederick

_____
MARK ALBANO, ESQ.
Counsel for defendant Frederick