

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*1550 Main Street, Suite 310*
*Springfield, Massachusetts 01103*

June 28, 2005

Terry S. Nagel, Esq.
95 State Street
Suite 918
Springfield, MA   01103-2080

   **Re:  Wilfred Changasie**

Dear Attorney Nagel:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Wilfred Changasie, ("Defendant"), in the above-captioned case.  The Agreement is as follows:

   1.   Change of Plea

   At the earliest practicable date, Defendant shall plead guilty to the following three counts of the above-captioned Indictment: Counts Fourteen and Sixteen, Wire Fraud, a violation of Title 18, United States Code, Section 1343, and Count Sixty-Three, Conspiracy to Commit Money Laundering, a violation of Title 18, United States Code, Sections 1956(h) and 1957.  Defendant expressly and unequivocally admits that Defendant knowingly, intentionally and willfully committed these crimes, and is in fact guilty of those offenses.

   2.   Penalties

   Defendant faces a maximum term of imprisonment of thirty years, a fine of $1,000,000.00, three years of supervised release, and a special assessment of $100.00 for each Title 18, United States Code, Section 1343 offense.  Defendant faces a maximum term of imprisonment of ten years, a $250,000.00 fine or not more than twice the value of the criminally derived property involved in the transaction, three years of supervised release, and forfeiture as stated in the Indictment for the Title 18, United States Code,

Sections 1956(h) and 1957 charge.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing under the 2002 United States Sentencing Guidelines:

(a) The parties agree that § 2B1.1(a)(Fraud) and § 1B1.3 (Relevant Conduct) apply;

(b) The parties agree that § 2B1.1(b)(1)(J) applies as the measure of "loss", and that the amount of fraudulent loans obtained was between $2,500,000.00 and $7,000,000.00, thus increasing the Offense Level to 24. The parties agree, however, that the defendant may present evidence of credits against this loss figure at sentencing pursuant to the § 2B1.1 Application Notes;

(c) If the court finds that the "buyers" were victims as defined by the Guidelines and pertinent caselaw, the parties agree that § 2B1.1(b)(2)(B) applies because the offense involved more than fifty victims, resulting in an increase of the Offense Level to a potential maximum of 28. However, the parties agree that if the court finds that the "buyers" of properties do not qualify as victims as defined by the Guidelines and pertinent caselaw, then § 2B1.1(b)(2) does not apply to this Defendant;

(d) If the court finds that the "buyers" were victims as defined by the Guidelines and pertinent caselaw, subject to Paragraph 3(f), the parties agree that § 3A1.1(b)(2) applies because the offense involved multiple vulnerable victims, thereby increasing the Offense Level to a potential maximum of 32;

2

(e) The parties agree that the wire fraud offenses and money laundering offense group under § 3D1.4(c), thus causing no increase in Defendant's Total Offense Level. However, given defendant's plea to a § 1956(h) conspiracy with a § 1957 objective, the Offense Level increases by one level to a potential maximum of 33 pursuant to § 2S1.1(b)(2)(A); and,

(f) The parties agree that the defendant is free to argue that the victims were not vulnerable under the Guidelines and pertinent caselaw, and that the defendant occupied a minor role relative to his co-conspirators. The Government, however, intends to oppose those positions.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1 to an Offense Level 30.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged

3

        in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. <u>Sentence Recommendation</u>

In the event the U.S. Attorney does not file a motion under U.S.S.G. §5K1.1, the U.S. Attorney agrees to recommend the following sentence before the District Court:

(a) Incarceration within the guideline range;

(b) Fine [unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine];

(c) Restitution;

(d) Mandatory special assessment; and,

(e) Supervised release.

Defendant agrees that he will provide to the U.S. Attorney

4

expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment of $300.00 to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000.00;

(2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $2,000.00 per month; and

(3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing as a result of the conduct charged in the Indictment are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that Defendant has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that Defendant may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in Paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in Paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court

6

states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. <u>Cooperation</u>

   a. <u>Terms of Cooperation</u>

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. Defendant must provide complete and truthful information. If his testimony is requested, Defendant must testify truthfully and completely before any grand jury, and at any hearing, any deposition, and any trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. Defendant must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, Defendant must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that Defendant has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which Defendant has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights Defendant may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

        b.    <u>Substantial Assistance Motion</u>

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 8(a) above, or engages in any criminal conduct after the date Defendant signs this Agreement. Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

        c.    <u>Sentence Recommendation with Substantial Assistance</u>

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 8(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

        d.    <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated March 18, 2005 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions

constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

9.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

10.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

11.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a

result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

12. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should Defendant breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated March 18, 2005 without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have under any statute of limitations or the Speedy Trial Act.

14. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated March 18, 2005. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated March 18, 2005. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William M. Welch II.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
DIANE FRENIERE
Assistant U.S. Attorney
Chief,
White Collar Crime Section

WILLIAM M. WELCH II
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_Wilfred Changasie_
Wilfred Changasie
Defendant

Date: 7/27/05

I certify that Wilfred Changasie has read this Agreement and that we have discussed its meaning. I believe understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_T S Nagel_
Terry S. Nagel, Esq.
Attorney for Defendant

Date: 7/27/05